UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

           Plaintiff,

   v.

GONZALO JAVIER BARAJAS,

           Defendant.

No. CR-05-2033-FVS

ORDER

**THIS MATTER** came before the Court on May 11, 2005, based upon the defendant's motion to dismiss. He was represented by Ulvar W. Klein. The government was represented by Assistant United States Attorney Gregory Shogren.

**BACKGROUND**

On December 14, 2004, an indictment was filed in CR-04-2182-EFS charging the defendant with conspiring, between October 1, 2004, and October 29, 2004, to distribute a controlled substance. On February 7, 2005, the indictment was dismissed without prejudice on the government's motion. On February 9, 2005, a complaint was filed in CR-05-2033-FVS charging the defendant with conspiring, between June 1, 2004, and October 29, 2004, to distribute a controlled substance. On March 15, 2004, an indictment was filed. The defendant claims the conspiracy alleged by the government in CR-04-2182-EFS is the same conspiracy alleged by the government in CR-04-2033-FVS. Since over 70 days have elapsed since the indictment was filed in CR-04-2182-EFS, and since little of the period from December 14, 2004, until the

ORDER - 1

present is excludable under the Speedy Trial Act, the defendant moves to dismiss on the ground his right to a speedy trial has been violated.

**RULING**

Both indictments allege that the defendant conspired to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1).  The second indictment differs from the first in essentially two respects.  First, the government alleges the conspiracy began on June 1, 2004, instead of October 1, 2004.  Second, the government alleges that additional overt acts occurred during the period between June 1st and October 1st.  Despite these differences, the defendant submits that both indictments charge the same offense.  In order to determine whether he is correct, the Court must consider five factors:  "(1) the differences in the periods of time covered by the alleged conspiracies; (2) the places where the conspiracies were alleged to occur; (3) the persons charged as coconspirators; (4) the overt acts alleged to have been committed; and (5) the statutes alleged to have been violated."  *United States v. Stoddard*, 111 F.3d 1450, 1454 (9th Cir.1997).  The two conspiracies are similar in a number of respects.  The time period alleged in the second indictment includes the time period alleged in the first.  The place in which the conspiracies are alleged to have occurred is the same.  The alleged goals of the two conspiracies are much the same.  In both, Jose Alvarez allegedly either arranged for the defendant to distribute methamphetamine or Mr. Alvarez obtained methamphetamine from the defendant for distribution.  *See United States v. Ziskin*, 360 F.3d 934, 947 (9th Cir.2003) ("'We must determine whether the roles performed by the overlapping members were different in each conspiracy.'" (quoting *United States v. Montgomery*,

ORDER - 2

150 F.3d 983, 991 (9th Cir.1998))). The only obvious difference between the two indictments is that the second alleges more overt acts over a somewhat longer period of time. The government has failed to establish, by citation to Ninth Circuit precedent, that this distinction is sufficient to establish a real difference between the two conspiracies. Consequently, the Court concludes that the conspiracy charged in the first indictment is simply a subset of the conspiracy charged in the second indictment.

**IT IS HEREBY ORDERED:**

1. The defendant's motion to dismiss (Ct. Rec. 21) is granted.

2. The indictment will be dismissed with prejudice unless, within seven days of the entry of this order, the government files and serves a memorandum discussing 18 U.S.C. § 3162(a)(2) in light of Ninth Circuit cases that have interpreted this statute.

3. If the government files a memo opposing dismissal with prejudice, the defendant may have seven days in which to file and serve a response.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this  16th  day of May, 2005.

        s/ Fred Van Sickle
        Fred Van Sickle
   Chief United States District Judge